UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

LERENZO LECHUGA,

               Petitioner,

v.                                                                    No.  1:25-CV-00075-H

DIRECTOR, TDCJ-CID,[1]

               Respondent.

## ORDER

Petitioner Lerenzo Lechuga, a self-represented state prisoner serving a 35-year sentence for murder out of the 171st District Court of El Paso, Texas, filed a motion that was interpreted as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and transferred to this Court.[2] *See* Dkt. No. 1.  He later filed an amended petition on the Section 2241 form and paid the filing fee.  *See* Dkt. No. 7.  Petitioner does not challenge his conviction.  Instead, he seeks release from custody on parole while he awaits completion of removal proceedings under 28 U.S.C. § 1231.  Respondent has not filed an answer.  But after reviewing the petition, the Court concludes that the petition must be dismissed without prejudice.  *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States

---

[1] Petitioner named The State of Texas as the Respondent in his amended petition.  Dkt. No. 7. Because Petitioner is in custody of the Texas Department of Criminal Justice serving a sentence for his state conviction, the Court directs the Clerk to change the caption to reflect that the proper Respondent is the Director of the Texas Department of Criminal Justice.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody).  All other respondents are terminated.

[2] The Western District of Texas construed the original filing as a Section 2241 petition and transferred it here because Petitioner is currently incarcerated in the Wallace Unit of the Texas Department of Criminal Justice, located in Colorado City, Texas—within the jurisdiction of this Court.  *See* Dkt. No. 2.

Courts (permitting a district court to dismiss a habeas corpus petition before the state responds if it is clear from the petition that the petitioner is not entitled to relief).[3]

## 1.    Background

After reviewing the pleadings, it appears the Petitioner confuses his current incarceration—serving a sentence for a state murder conviction—with detention pending removal following immigration proceedings. In his original pleading, Petitioner states that he "is requesting alien's rights," which "under the U.S. Constitution an alien's detention is limited to the time reasonably necessary to accomplish that alien's removal from the United States." Dkt. No. at 2. He complains that he has been detained for 18 years beyond the permissible period permitted under immigration law. *See id.* at 8.

But in his amended petition, Petitioner states that he is in custody pursuant to a state murder conviction. *See* Dkt. No. 7 at 3. Specifically, Petitioner is in the custody of the TDCJ serving a 35-year sentence for a murder conviction under Texas Penal Code § 19.02(b)(1) out of the 171st District Court of El Paso County, Texas.[4] *Id.* However, Petitioner does not challenge that conviction. Instead, he challenges his current confinement in the TDCJ because he is subject to a final order of removal and thus, he requests release from the TDCJ so that he can be deported. Petitioner raises four grounds to challenge his confinement. But in essence, he argues that the Texas Board of Pardons and Paroles' (TBPP) denial of parole under Texas parole statutes constitutes violation of the due

---

[3] A district court may apply any or all of the rules governing Section 2254 habeas petitions to those cases filed pursuant to Section 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases; *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Gaitan-Campanioni v. Thornburgh*, 777 F. Supp. 1355, 1356 (E.D. Tex. 1991).

[4] El Paso County is located within the jurisdictional boundary of the El Paso Division of the United States District Court for the Western District of Texas. *See* 28 U.S.C. § 124(d)(3).

process, equal protection, and ex post facto protections of the constitution because he is entitled to release while awaiting removal under 8 U.S.C. § 1231(A)(6). In other words, Petitioner believes that he should be able to choose immediate deportation rather than complete his criminal sentence. *See id.* at 7.

2.    **Discussion**

To the extent Petitioner challenges the fact or duration of his confinement, this Court has jurisdiction over the parties and subject matter under 28 U.S.C. §§ 2241 and 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). However, Petitioner fails to raise any cognizable habeas claim.

Petitioner's sole request for relief is to be "deported immediately." Dkt. No. 7 at 7. But other than stating that he "is requesting alien's rights," Dkt. No. 1 at 2, Petitioner provided no information to demonstrate that he is, in fact, a removable alien. And Petitioner remains confined pursuant to a state conviction. Even if Petitioner is a removable alien, "[t]he Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment." 8 U.S.C. § 1231(a)(4)(A). In short, Petitioner cannot be deported until he has served his sentence to the state's satisfaction. *See id.*

While the apparent focus of the petition is Petitioner's request for immediate deportation, the Court notes that Petitioner also complains about the denial of parole by the TBPP. To the extent the petition may be liberally construed to request release on parole, he still has not raised a cognizable habeas claim. "Because it is entirely speculative whether a prisoner will be released on parole, the court has determined 'that there is no constitutional expectancy of parole in Texas.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting

*Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997)). In short, this Court may only address issues implicating constitutional rights, but Petitioner has no constitutional expectancy of parole. Thus, even if liberally construed to request release on parole, Petitioner's grounds are not cognizable on habeas review.

**4.    Conclusion**

As explained above, the Court finds that the petition is without merit and dismisses it with prejudice.

Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), this Court finds that a certificate of appealability should be denied. For the reasons set forth herein Petitioner has failed to show that reasonable jurists would find (1) this Court's "assessment of the constitutional claims debatable or wrong" or (2) "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court will enter judgment accordingly.

So ordered.

Dated ___March 31___, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

4